IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**MMG PRCI CFL LLC**
    Plaintiff,

    v.

**BMF, INC.,** *et al.*,
    Defendants.

Civil No. 19–1461 (BJM)

## ORDER

MMG PRCI CFL LLC ("MMG")[1] brought this action under the court's diversity jurisdiction against BMF, Inc. ("BMF"), Orlando Mayendia-Diaz ("Mayendia"), Julio Blanco-Darcy ("Blanco"), Wanda Mendez-Quinones ("Mendez"), Andrew Bert Foti-Tallenger ("Foti") and Eva Judith Pagan-Burgos ("Pagan") (collectively "defendants"). Dkt. 1. MMG alleged BMF breached a mortgage contract, and the remaining defendants were guarantors liable for BMF's breach. *Id.* MMG moved for summary judgment against defendants. Dkt. 67. I granted the motion and allowed MMG to seek attorney's fees if it desired. Dkt. 96. Before the court is MMG's motion for attorney's fees, Dkt. 98, which defendants opposed, Dkt. 100. The case is before me on consent of the parties. Dkt. 63. For the reasons that follow, plaintiff's motion for attorney's fees is **GRANTED**.

## BACKGROUND

MMG is the owner of the Promissory Note of $5,500,000, which BMF executed in favor of Westernbank on December 21, 2001. Dkt. 96 at 2. On the same date, Mayendia, Blanco, Mendez, Foti, and Pagan signed guarantees for any amounts BMF owed to Westernbank. BMF also pledged two mortgage notes, dated October 3, 1997 and January 30, 2004, as security for the amounts owed. *Id.*

In 2006, Blanco and Mendez sold their shares, rights and responsibilities in BMF to Diaz, Foti and Pagan. *Id.* They informed Westernbank of this transaction and requested to be relieved of

---

[1] PRCI Loan CFL LLC ("PRCI Loan") was the original plaintiff. MMG substituted PRCI Loan when it became the owner of the mortgage notes at issue. *See* Dkt. 71.

all personal guarantees. *Id.* Westernbank did not respond and later sold the notes to Banco Popular de Puerto Rico. *Id.* at 3.

In 2011, Banco Popular, then holder of the notes, filed a Puerto Rico state court case against defendants. *Id*. In January 2012, BMF asked the federal bankruptcy court in Puerto Rico for bankruptcy protection under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101, *et seq*. *Id*. In October 2012, Banco Popular and BMF filed a joint stipulation to resolve the bankruptcy case. Dkt. 22-4.

The joint stipulation stated it did not "constitute an extinctive novation ("novación extintiva") of the obligations and undertakings of the parties under any of the Loans or the loan documents" and BMF "ratifie[d], reaffirm[ed], confirm[ed], consent[ed] to and acknowledge[d] all of the terms, priority and conditions of security interests, mortgages or liens over the Collateral provided for in the Loans, the Collateral, and the BPPR Claims, as well as the Debtor's obligations." Dkt. 96 at 3. In March 2014, Banco Popular and BMF jointly moved for dismissal without prejudice of the Puerto Rico state case per the stipulation approved by the Bankruptcy Court, and the Puerto Rico state court complied. *Id.* at 4.

The stipulation also stated the loan balance was $4,923,431.00 with 5.25% interest. *Id*. It further provided that, in the event of a default, the parties are bound by the terms of the original contract and the debtor's obligations become immediately due and payable without further notice. *Id*. Under the parties' original agreement, the interest rate fluctuated in conjunction with the prime rate as established by Citibank. Dkt. 67-3 at 1. In the case of late payments, 2 percentage points would be added to the interest rate and BMF would owe an additional late payment of 5% interest. *Id.* at 2–3. The contract further stated BMF would pay all expenses, costs, and attorneys' fees regarding the contract. *Id.* at 3.

In 2019, PRCI Loan, the original plaintiff, instituted the present action for collection of monies and foreclosure of the mortgaged property. Dkt. 1. PRCI Loan, now MMG, filed for summary judgment and I granted the motion. Dkt. 96. I entered judgment in favor of MMG in the amount of $4,392,502.61 in principal, accrued interest in the amount of $2,214,288.03, which continues to accrue until full payment of the debt at the rate of $640.57 per diem, and force-placed insurance in the amount of $7,121.80. *Id.* at 20. I also stated MMG may seek attorney fees, and any other additional advance or disbursements it made on behalf of the defendants, per the term notes and/or mortgage deeds by filing a separate motion outlining the basis for those damages. *Id.* MMG, as the current owner of the notes and mortgage deeds described above, moves for attorney's fees. Dkt. 98. Defendants opposed. Dkt. 100.

## DISCUSSION

MMG argues it is entitled to attorney's fees pursuant to the terms and conditions of the Promissory Note, Mortgage Note and Mortgage Deed in the amount of $550,000. Dkt. 98 at 2. Defendants oppose the amount because it lacks proportionality to the work done in the case and as extremely unfair and onerous. Dkt. 100 at 5. Defendants urge the court to use its equitable power under Puerto Rico law to lower the fee imposition. *Id.*

The Promissory Note for $5,500,000 of December 24, 2001, states:

> Debtor will pay as liquid penalty a sum equivalent to ten percent (10%) of the initial amount of this note to cover the payment of costs, expenses and attorney's fees of the holder . . . in the event of non-compliance of this obligation without the need to file a judicial action for collection of the same.

Dkt. 70-2 at 1. This type of clause is considered, under Puerto Rico law, a penal clause and is mandated by Articles 1106-1109 of the Civil Code. 31 L.P.R.A §3131-34. "Although art. 1106 of the Civil Code, 31 L.P.R.A §3131, states that in obligations with a penal clause the penalty shall

take the place of a compensation for damages and the payment of interest in case of nonperformance, its aim is not always the advance liquidation of damages." *Jack's Beach Resort, Inc. v. Cia. Turismo*, 12 P.R. Offic. Trans. 430, 436 (1982). As such, the penal clause fulfills a coercive and punitive purpose. *R.C. Leasing Corp. v. Williams Int. Ltd.*, 3 P.R. Offic. Trans. 226, 236 (1974). In contrast to North-American law, which generally invalidates penal clauses, Puerto Rico has a flexible structure for the treatment of these clauses. *Id.* at 232, 236.

Under the Puerto Rico Civil Code, a court "shall equitably modify the penalty if the principal obligation should have been partly or irregularly fulfilled by the debtor." 31 L.P.R.A §3133; *see also Levitt & Sons of P.R., Inc. v. D.A.C.O.*, 5 P.R. Offic. Trans. 248, 261 (1976) ("[T]he Civil Code authorizes the judge to equitably modify the penalty if the principal obligation has been partly or irregularly fulfilled by the debtor."). This equitable modification can only occur in extraordinary circumstances such as it being excessively onerous for the obligee, or its alarming lack of proportion. *Jack's Beach Resort*, 12 P.R. Offic. Trans. at 438. As such, a penal clause will be enforceable unless it is grossly unreasonable. *Tardanico v. Murphy*, 983 F.Supp. 303, 309 (D.P.R. 1997). "[T]he burden of demonstrating lack of proportion between the breach and the penalty [is] on the debtor." *In re Alvarez*, 473 B.R. 853, 863 (B.A.P. 1st Cir. 2012).

In *Alvarez*, the debtor defaulted on her mortgage note of $76,000, and the creditor filed suit to foreclose the property. *Id.* at 854-55. A year after the default, the debtor filed for bankruptcy, where she proposed to cure the mortgage note in the bankruptcy plan and continued to make monthly mortgage payments. *Id.* at 855, 858. The creditor attempted to include attorney's fees in the amount of 10% of the principal in the debtor's bankruptcy plan pursuant to a penal clause in

the note[2]. *Id.* at 854-855. The lower court modified the penalty and reduced the amount of attorney's fees owed because the imposition of $7,600 for initiating a lawsuit would result in a windfall for the attorney at the expense of the debtor. *Id.* at 858. The First Circuit affirmed stating the debtor sufficiently showed the penalty was not proportional to the remaining amount owed in the mortgage and that the penalty would be onerous because it "would jeopardize her chances of success in [her] chapter 13 [plan]." *Id.* at 863.

Unlike *Alvarez*, BMF has not made a showing that the payment of $550,000 or 10% of the principal amount would be onerous or particularly injurious in any way. *Compare R.C. Leasing Corp.*, 3 P.R. Offic. Trans. at 236 (upholding lower court's refusal to reduce penalty equivalent to 15% of the principal where lessee failed to provide evidence of hardship), with *Jack's Beach Resort, Inc.*, 12 P.R. Offic. Trans. at 439-41 (reducing penalty equivalent to 10% of the principal upon a showing of oppression, lack of proportion in the penalty and . . . extremely unfair consequences). Thus, BMF has not established that the penalty is onerous and requires modification.

BMF also argues the 10% penalty is not proportional to the "fairly light" litigation of the case and MMG could not have reasonably incurred $550,000 in attorney's fees. Dkt. 100 at 4. A lack of proportion is measured between the degree of fault and the degree of harm caused. *See Jack's Beach Resort, Inc.*, 12 P.R. Offic. Trans. at 440. For example, in *Jack's Beach Resort, Inc.*, the Puerto Rico Supreme Court affirmed the modification of a 10% penalty because the penalty was oppressive considering the debtor only missed one monthly payment by nine days over the course of twenty years. *Id.* Here, it is uncontested that defendants have failed to pay the full

---

[2] The penal clause secured "an amount of ten percent of the original principal amount of the Note to cover costs, expenses and attorney's fees." *In re Alvarez*, 473 B.R. at 854.

principal amount of $5,500,000. However, BMF has irregularly paid the principal sum, and as of January 28, 2022, it owed MMG the sum of "$4,392,502.61 in principal, accrued interest in the amount of $2,214,288.03, which continues to accrue until full payment of the debt at the rate of $640.57 per diem, and force-placed insurance in the amount of $7,121.80." Dkt. 96 at 19-20. Because BMF did partly fulfill its obligations as required by §3133, the penal clause will be modified and BMF will pay 10% of $4,392,502.61.

For the above reasons, plaintiff's motion for attorney's fees is **GRANTED** in the amount of $439,250.26.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 27th day of December, 2024.

S/Bruce J. McGiverin  
BRUCE J. MCGIVERIN  
United States Magistrate Judge